Stouffer *v.* Machen.

JOHN STOUFFER, Appellant, *v.* WILLIAM MACHEN, Appellee.

APPEAL FROM CARROLL.

Where an answer to a bill in chancery is required to be made under oath, and is responsive to the allegations of the bill, it must be received as true, unless it is disproved by evidence amounting to the testimony of two witnesses.

THE decree in this case was rendered by WILKINSON, Judge, at October term, 1854, of the Carroll Circuit Court.

B. C. COOK, for Appellant.

CATON, J.   The bill in this suit shows that the complainant and defendant, as copartners, were engaged in the distillery business in Pennsylvania.  That, in pursuance of their agreement of copartnership, the complainant kept the books of the concern, made the necessary advances, received and disposed of the products of the distillery, and that the defendant did the distilling, for which he was to receive a certain stipulated price per gallon.  Subsequently the partnership was dissolved, a set-

tlement had between the parties, a balance struck, and the complainant paid over to the defendant the sum of $3,506.41, found to be due him upon such settlement, as his share of the profits of the concern. The bill then avers, that upon that settlement, a mistake was made in stating the account, in favor of the defendant and against the complainant, to the amount of $2,248.40, by his having neglected to charge the firm with $4,568.80, which he had paid Machen for distilling, and prays that the mistake may be corrected, and that the defendant may be decreed to refund to the complainant the amount which was thus paid to the defendant under such mistake. The oath of the defendant to his answer was not waived. The defendant answered under oath, fully denying that any mistake was made in the settlement, but insisting that the settlement was correctly made, and that he only received from the complainant what was justly due him upon such settlement, as his joint proportion of the profits of the business of the copartnership, and his agreed compensation for making the whisky.

The only question in the case was one of fact, and we have simply to determine, upon an examination of the testimony, whether there is sufficient evidence in the record to establish the mistake in the settlement against the sworn answer of the defendant.

It is apparent that the question of mistake, in fact, depends mainly upon the terms of the copartnership agreement, which was by parol, the complainant insisting, by his bill, that the the agreement was, that the defendant was to be paid by the *firm* two cents per gallon for manufacturing the whisky, which is denied by the answer, in which the defendant insists that the two cents per gallon were to be paid him by the complainant, and not by the firm, and hence the money thus paid him by the complainant for making the whisky, was not, and should not properly have been, charged against the firm, before striking the balance of profits.

This evidence has been carefully examined by the court, and we agree with the circuit court, that it is not sufficient to sustain the bill against the answer. Where the answer is required to be under oath, so far as it is responsive to the bill, and fairly meets and responds to the allegations of the complainant, it must be received as true, unless it is disproved by evidence amounting to the testimony of two witnesses. It is not to be denied that the evidence in this case raises a very strong presumption, that the agreement was as alleged by the complainant, and that a mistake was made in that settlement, as is alleged; and, perhaps, it would be sufficient in an action for money had and received, to justify a jury in finding an issue against the

defendant. But the evidence is not of that positive and conclusive character which is required to overcome an answer in equity. It is, in fact, when properly understood, only of a circumstantial and presumptive character, which, at the very utmost, could not be valued at more than the positive testimony of one witness; and, to sustain his case, the complainant still needs additional evidence, equivalent to the testimony of another witness swearing to the mistake. It is not deemed necessary or advisable by the court, to state the evidence in the opinion, and to go through with a review of it. It would swell the volume of reports, with no benefit arising from it. Indeed, our reports are too much incumbered with detailed discussions of questions of fact, which are not at all essential to the illustration of the principle of law involved, and which are probably never read after the book is bound, and which are but a tax upon the profession and the public, without the least possible benefit to any one.

The decree of the circuit court is affirmed.

*Decree affirmed.*